McCALEB, Justice,
(dissenting).
The statute under consideration, Act No. 269 of 1916, as last amended by Act No. 430 of 1938, is a special law. It provides in substance that when married persons have *789 been living separate and apart for two years or more “either party to the marriage contract may sue, in the Courts of his or her residence within this state, provided * * I think that this language clearly fixes the place in which such actions shall be brought and that the jurisdiction of the court of plaintiff’s residence is exclusive, notwithstanding the general law, (Article 162 of the Code of Practice) that suits must be brought at the domicile of the defendant.
The-majority take the position that the auxiliary verb “may” as used in the statute is permissive and that, while it authorizes suits to be brought at plaintiff’s domicile, it does not prohibit the institution of such áctions at the domicile of the defendant, or at the matrimonial domicile. My answer to this is that the verb “may” refers exclusively to the circumstances under which an action is allowable, i. e., when the spouses have lived separate and apart for two years or more, and has no- relation to the place where the suit is to be brought, which is definitely fixed in the statute to be the domicile of the plaintiff. If the legislature had the intention of permitting the suit to be brought at the defendant’s domicile, or the last matrimonial domicile-it would have been so easy to say so. Indeed, the decision herein has the effect of amending .the statute so that it will now read .that,..when spouses have been living separate apd apart- for a period of two years -or ■ more, either party may sue for an absolute divorce' in the courts of his or her residence within this state, or at the defendant's residence, or at the last matrimonial domicile.
Furthermore, it is to be noted that the statute, after providing that the suit may be instituted in the court of plaintiff’s-residence within the state, declares “provided such residence shall have been continuous for the period of two years, * Thus, it is seen that one of the conditions precedent for obtaining the divorce is that the plaintiff prove that he or she has been residing within the jurisdiction of the court for a period of two -years. In the case at bar, this proof will be impossible as plaintiff is admittedly a resident of the Parish of Caddo.
I respectfully dissent.